CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
OCT 27 2011
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ANTHONY E. SYDNOR, ) | CASE NO. 4:11CV00013 |
| ) | |
| Plaintiff, ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | By: B. Waugh Crigler |
| Defendant. ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's September 21, 2006 protectively-filed application for supplemental security income ("SSI"), 42 U.S.C. § 1381 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING this case to the Commissioner for further proceedings.

In a decision issued on October 1, 2008, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since September 21, 2006, his application date. (R. 59.) The Law Judge determined that plaintiff suffered the following severe impairments: "depression vs. malingering, and borderline intellectual functioning." (*Id.*) The Law Judge did not believe that plaintiff suffered an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 62.) The Law Judge did find, however, that plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms, but he was of the view that plaintiff's statements concerning the intensity,

persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the Law Judge's determination of plaintiff's residual functional capacity ("RFC"). (R. 66.) The Law Judge found that plaintiff retained the RFC to perform a full range of work at all exertional levels, but with the following nonexertional limitations: moderate limitations in the abilities to maintain attention and concentration for extended periods, work in coordination with or proximity to others without being distracted by them, and complete a normal workday and workweek without interruptions from psychologically-based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods, and marked limitations in the abilities to understand, remember, and complete detailed instructions. (R. 64-65.) The Law Judge found that plaintiff had no past relevant work, but that jobs exist in substantial numbers in the national economy which he could perform. (R. 68.) Ultimately, the Law Judge found plaintiff was not disabled under the Act. (R. 69.)

Plaintiff appealed the Law Judge's October 1, 2008 decision to the Appeals Council. (R. 2-4.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 2.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of

2

the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Plaintiff filed a *pro se* letter with this court which was docketed on September 13, 2011. (Dkt. No. 14.)[1] The undersigned will treat this letter as his motion for summary judgment and brief in support thereof, and will construe them accordingly.[2] While plaintiff makes numerous assertions, it is difficult to discern his precise factual and legal arguments. Thus, the undersigned has performed a full review of the record and will assess whether the Law Judge's decision is supported by substantial evidence at each step in the sequential evaluation.

At step one in the sequential evaluation, the Law Judge found that plaintiff had not engaged in substantial gainful activity since September 21, 2006, his application date. (R. 59.) The Law Judge determined that plaintiff's "depression vs. malingering and borderline intellectual functioning" were severe impairments at step two in the sequential evaluation. (*Id.*)

A severe impairment is one which, either separately or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work activities[3]. 20 C.F.R. §§ 404.1520(c), 416.920(c). "[T]he severity hurdle is a fairly easy one to clear." *Carr v. Commissioner of Social Security*, No. 4:10CV00025, 2011 WL 1791647, at *9 (W.D.Va. May 11, 2011). Plaintiff bore his burden at this level of the sequential evaluation.

---

[1] While plaintiff signed all the pleadings and papers filed in this case, the handwriting on some appears to be someone else's, likely his mother, Janice Clauden.
[2] *Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520–521 (1972).
[3] Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b)(1)-(6).

3

The Law Judge then summarily found that plaintiff's "alleged" learning disability, evaluated singularly or in combination, did not cause more than a minimal limitation in his ability to perform basic mental work-related activities.[4] (R. 62.) Thus, he found that plaintiff's learning disability did not rise to the level of a severe impairment, eventually leading to a determination that plaintiff's other impairments did not prevent him from performing substantial gainful activity. (R. 62-67.) The undersigned is of the view that this finding is not supported by substantial evidence.

The record reveals, and to the undersigned it is beyond peradventure, that plaintiff is learning disabled. (R. 183, 191.) Specifically, auditory processing interferes with his ability to achieve academic success, as a result of which plaintiff was found eligible for Special Education Services on December 1, 1994. (R. 178, 183.) By his eleventh grade year, a Halifax County Public School Individual Education Plan ("IEP") revealed that plaintiff had progressed only to the sixth grade level. (R. 183.) Mathematically, plaintiff functioned at fourth grade, third month level; his reading was at the seventh grade, ninth month level; his spelling was at an eighth grade level; and his battery composite was at a fifth grade, seventh month level. (R. 184.)

The Law Judge's determination that plaintiff's learning disability is not a severe impairment is not supported by the substantial evidence in the case. As a result, the Law Judge's decision relating to plaintiff's RFC and the availability of jobs, likewise is unsupported by the substantial evidence in the record and must be reexamined in light of the vocational effects produced by plaintiff's learning disability.

---

[4] To be non-severe, an impairment must be more no more than "a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984).

4

Good cause has been shown to remand the case for further proceedings. Therefore, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING this case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g).

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record and mail a copy to the plaintiff.

ENTERED: _____
U.S. Magistrate Judge

10/27/2011
Date

5

Case 4:11-cv-00013-JLK-BWC   Document 18   Filed 10/27/11   Page 5 of 5   Pageid#: 296