IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY E. SYDNOR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:11CV00013 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me are cross-motions for summary judgment filed by Plaintiff, Anthony E. Sydnor ("Plaintiff" or "Claimant"),[1] and Defendant, the Commissioner of Social Security ("Commissioner"). The motions have been evaluated by Magistrate Judge B. Waugh Crigler, who filed a Report and Recommendation ("R & R") on October 27, 2011, recommending that I grant Plaintiff's Motion and remand the case for further development of the record concerning Plaintiff's limitations. [ECF No. 18.] Commissioner filed a timely objection on November 8, 2011. (See Defendant's Objections to the Magistrate Judge's Report and Recommendation (hereinafter "Def.'s Obj.") [ECF No. 19].) After careful review and consideration, and for the reasons outlined below, I will **SUSTAIN** the Defendant's objection, **REJECT** the R & R, **DENY** Plaintiff's Motion for Summary Judgment, **GRANT** the Commissioner's Motion for Summary Judgment, and **AFFIRM** the decision of the Commissioner.

**I.      STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On March 16, 2004, Plaintiff filed an application for Supplemental Security Income payments, alleging disability beginning on July 15, 1996. That claim was ultimately denied. On

---

[1] Although Plaintiff did not file a traditional motion, he did submit a *pro se* letter to Judge Crigler [ECF No. 14]. By Order dated September 14, 2011, Judge Crigler treated the letter as a Motion for Summary Judgment and Brief in Support. (See September 14, 2011 Order [ECF No. 15].)

- 1 -

September 21, 2006, Plaintiff protectively filed the current application for supplemental security income payments, alleging disability beginning on June 1, 2006.  (R. 111-13.)[2]

A hearing was conducted before an Administrative Law Judge ("ALJ") on September 3, 2008, in Danville, VA.  (See R. 11, 57.)  Plaintiff was represented by counsel and testified on his own behalf.  (R. 6-25.)  He called no other witnesses.  (R. 25.)  Dr. Gerald Wells, a Vocational Expert, also testified.  (R. 25-29.)  On October 1, 2008, the ALJ issued an opinion finding that Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act.  (R. 57-69.)  The ALJ found that, although Plaintiff suffered from "depression vs. malingering, and borderline intellectual functioning," which the Commissioner found to be severe, but "[t]he claimant's alleged learning disability [was] singly and in combination not established by the objective medical record as a 'severe' impairment . . . ."  (R. 59, 62.)  Ultimately, the ALJ concluded that Plaintiff "[did] not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  (R. 62.)  The ALJ went on to note that, in his opinion and based on a careful review of the entire record, Plaintiff retains the "residual functional capacity to perform a full range of work at all exertional levels" with some nonexertional limitations.  (R. 64.)  Based on Plaintiff's residual functional capacity, the ALJ determined "there are jobs that exist in significant numbers in the national economy that claimant can perform," and denied his claim for benefits.  (R. 68; R. 69.)  This action followed.  (See Compl. ¶ 2-3 [ECF No. 3].)

This case was referred to Magistrate Judge B. Waugh Crigler for submission of a Report & Recommendation.  He construed a letter from Plaintiff—who is now acting *pro se* despite being represented by counsel before the ALJ—as a Motion for Summary Judgment.  Judge

---

[2] Although the application at R. 111 is dated October 6, 2006, all prior decisions refer to an application date of September 21, 2006.  (See, e.g., R & R pg. 1; R. 59.)

Crigler is of the opinion that the ALJ's determination that Plaintiff's learning disability is not a severe impairment is not supported by substantial evidence. The R & R recommends remanding this case to the Commissioner under Sentence Four of 42 U.S.C. § 405(g). See 42 U.S.C. § 405(g) (2011) ("The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.") Commissioner filed a timely objection to the R & R arguing that the ALJ's determination as to the severity of the Plaintiff's learning disability is not dispositive, and that the ALJ adequately considered the effects of all Plaintiff's limitations in reaching his final conclusion. (See Def.'s Objs. pg. 2.) According to the Commissioner, "even if the record did support a finding that Plaintiff's learning disability was 'severe,' such a finding would not have changed the outcome of this matter because the ALJ subsequently considered all of Plaintiff's mental functional limitations." (Id. at 3 (citing Lee v. Astrue, Civil Action No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. April 12, 2007).) The matter is now ripe for decision.

## II. STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other

words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545; see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that the role of the ALJ, not the VE, is to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[3]" Mastro, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

## III. DISCUSSION

I am of the opinion that the Commissioner's objection is valid. When considering the record as a whole, it is clear that the ALJ properly considered the limitations imposed by the Plaintiff's learning disability when determining whether he had "the residual functional capacity to perform a full range of work at all exertional levels." (R. 64.) The ALJ properly considered nonexertional limitations imposed by Plaintiff's condition, including:

> [M]oderate limitations in the abilities to maintain attention and concentration for extended periods, work in coordination with or

---

[3] Or the secretary's designate, the ALJ. See Craig, 76 F.3d at 589 (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987).

> proximity to others without being distracted by them, and complete a normal workday and workweek without interruptions from psychologically-based symptoms, and perform at a consistent pace without an unreasonable number and length of rest periods, and marked limitations in the abilities to understand, remember and complete detailed instructions.

(R. 64-65.) These limitations are supported by substantial evidence, which included a Psychiatric Review of Plaintiff by Dr. Stephen Saxby, a licensed psychiatrist. (R. 200-215.) Therefore, whether or not the ALJ properly determined the extent of Plaintiff's learning disability,[4] his ultimate conclusion that Defendant was not disabled within the meaning of the Social Security Act is supported by substantial evidence.

Even if the ALJ erred in determining that Plaintiff's learning disability was not a severe impairment, such error would not mandate reversal or remand. Accord Lee v. Astrue, Civil Action No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. April 12, 2007). The ALJ properly considered all of Plaintiff's nonexertional limitations without regard to their severity when he concluded that he had the residual functional capacity to perform a wide variety of jobs available in the national and local economies. (See R. 64-67.) The ALJ determined that Plaintiff had two severe limitations but that his learning disability, "singly [or] in combination" with those impairments, was not severe. (R. 62.) Because the determination of the severity of Plaintiff's learning disability is not dispositive of his claim, any error on the ALJ's part with regard to that determination does not undercut his accurate finding in the subsequent steps of the analysis that Plaintiff is not disabled. Cf. 20 C.F.R. § 416.923 (2011) ("In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or

---

[4] Although it is not necessary to dispose of this case, I agree with Judge Crigler that "it is beyond peradventure [] that [P]laintiff is learning disabled." (R & R pg. 4.) I do not, however, agree with his conclusion that "[t]he Law Judge's determination that [P]laintiff's learning disability is not a severe impairment is not supported by the substantial evidence in the case." (Id.) There is substantial evidence to support the ALJ's conclusion that Plaintiff's depression (versus malingering) and borderline intellectual functioning are severe in that they impose "more than a minimal effect on the [C]laimant's functional capabilities for the twelve month durational requirement of the regulations," but that Plaintiff's learning disability does not impose such an effect. (R. 62 (citations omitted).)

impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.").

## IV. CONCLUSION

The ALJ properly considered the combination of all of Plaintiff's impairments—without regard to his determination of their severity—when he concluded that Plaintiff was not disabled under the Social Security Act. Because that decision is supported by substantial evidence in the record, I will **SUSTAIN** the Commissioner's objection to the R & R and **REJECT** the R & R, **DENY** Plaintiff's Motion for Summary Judgment, **GRANT** the Commissioner's Motion for Summary Judgment, **AFFIRM** the decision of the Commissioner, and **DISMISS** this case from the active docket of the Court.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Crigler.

Entered this 22nd day of November, 2011.

s/Jackson L. Kiser<br>
SENIOR UNITED STATES DISTRICT JUDGE